VILLAGE OF INDIAN HILL, APPELLEE, *v.* FAULKNER ET AL., APPELLANTS.

(No. 10753—Decided September 14, 1970.)

*Per Curiam.* This matter was considered *de novo* upon the law and fact appeal brought by a property owner who resisted the attempts of the village of Indian Hill to force the razing of an old residence structure.

Paragraphs one through eight inclusive of the petition are admitted in the answer and contain (in paragraph 7)

the promise sought to be judicially enforced. It reads as follows:

"(6) That James W. Baynum, his heirs, successors and assigns and Helen E. Faulkner, her heirs, successors and assigns, agree, in consideration of the issuance of said building permit and the permission and authority to construct a new residence on subject property that, upon the death of James W. Baynum, the present existing residence shall be razed so that only one residence dwelling shall exist on said property and so that said property and the structures thereon shall fully comply with the terms and provisions of the zoning ordinances of the village of Indian Hill."

The substance of the defense is the claim that the village cannot make a contract permitting a violation of its zoning ordinance, that the same is ultra vires and void, and that, therefore, a court of equity is either powerless to, or in any event should not order the performance of the promise of the property owner.

The further defense is made that the property owner has subsequently acquired and now owns sufficient acreage so that presently neither structure violates the area requirements of the village zoning ordinance.

It is conceded that the facts have developed to such a point that it is time for the performance of the promise to raze the 1840 residence, if enforceable.

We reject the contention of the defendant property owner, appellant herein, and order performance of the promise outlined above and contained in the contract of December 2, 1962 which is incorporated herein by reference.

The principle we consider to be dispositive of the claim that relief should be denied because the contract is illegal is contained in the third paragraph of the syllabus of *Greenhills Homeowners Corp.* v *Village of Greenhills* (1966), 5 Ohio St. 2d 207, which reads:

"3. Whoever (1) insistently encourages, solicits and procures a municipal corporation to adopt a comprehensive zoning ordinance, notwithstanding that that part of the ordinance is objectionable which restricts the use of a

portion of the land affected thereby to public park and recreational purposes only, (2) fails to disclose to such municipal corporation that legal counsel has advised that the proposed ordinance with respect to such park and recreational lands is unconstitutional, (3) thereafter purchases substantially all the land affected by the ordinance, and (4) requests and receives from the seller a reduction in the purchase price to the extent that the portion of the land restricted to park and recreational uses is transferred substantially without consideration, is estopped from invoking the judicial power to grant relief from such restrictions of the ordinance on the ground that it constitutes a taking of private property without compensation or due process within the meaning of the federal and state Constitutions.''

This is simple equitable estoppel. Perhaps a third party could have enjoined the city from permitting the new building, but this we do not decide.

Without deciding any question as to the validity of the past conduct of the parties respecting the rights of third parties, we find that the property owner, having successfully moved the city to do the property owner's will solely and squarely in reliance upon her promise, cannot now, by invoking judicial power to grant such relief, escape her promise upon the claim that what she induced the city to do was illegal.

*Judgment accordingly.*

HILDEBRANT, PUTMAN and STEPHENSON, JJ., concur.

PUTMAN, J., of the Fifth Appellate District, and STEPHENSON, J., of the Fourth Appellate District, sitting by designation in the First Appellate District.